```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HAROLD BAYNES, as ADMINISTRATOR          :
of the ESTATE of WILLIAM CURLIN BAYNES,
Deceased,                                :
                                                   OPINION AND ORDER
              Plaintiff,                 :         15 Civ. 2898 (AT) (GWG)

     -v.-                                :

DAVID RUDERFER, Individually,            :

              Defendant.                 :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

I. BACKGROUND

Harold Baynes ("Baynes"), the administrator of the estate of William Curlin Baynes, brought this action under 42 U.S.C. § 1983 against New York State Trooper David Ruderfer alleging that he used excessive force against William Baynes, resulting in his death. See Complaint, filed Apr. 15, 2015 (Docket # 1) ¶¶ 3-4, 15-18. The complaint alleges that Ruderfer stopped William Baynes's motor vehicle on October 4, 2012, at approximately 7:30 p.m., at an intersection in Newburgh, New York. Id. ¶ 12. William Baynes was inside his vehicle and unarmed at the time. Id. ¶ 14. The complaint alleges that Ruderfer entered the vehicle, assaulted William Baynes, and ultimately shot him, causing his death. Id. ¶ 13.

The incident was the subject of grand jury investigation in Orange County, New York. See No Bill # 2013-001, dated Jan. 28, 2013 (attached as Ex. B to Declaration of Jason Leventhal, filed Oct. 27, 2016 (Docket # 40) ("Leventhal Decl.")). On January 28, 2013, the grand jury declined to indict. Id.

Baynes filed this action on April 15, 2015. On Mach 28, 2016, he applied for an order unsealing the Orange County grand jury minutes, which he asserted contained testimony of

Ruderfer and "numerous other witnesses with knowledge of the incident." <u>See</u> Letter from Jason Leventhal, dated Mar. 28, 2016 (Docket # 12). This Court ruled that Baynes should make the application first to the Orange County Court. <u>See</u> Minute Entry, entered Apr. 26, 2016; <u>see generally</u> <u>Palmer v. Estate of Stuart</u>, 2004 WL 2429806, at *2 (S.D.N.Y. Nov. 1, 2004) (as a matter of comity, application to seal grand jury minutes in state court proceedings for use in federal court should normally be made first to the court supervising the grand jury). Baynes then made the motion to the Orange County Court, which denied the motion on September 14, 2016. <u>See</u> <u>In re Application of Harold Baynes</u>, No. 3224/2016 (N.Y. Sup. Sept. 14, 2016) (attached as Ex. A to Leventhal Decl.)

> The Orange County Court's decision stated in pertinent part:
>
> [C]ounsel for petitioner states that the purpose of obtaining the minutes of the Grand Jury is to "have a complete and full examination of the witnesses." The petitioner does not state that the unsealing and release of the Grand Jury minutes is the only means of obtaining the information sought. According to affirmation of the Attorney General, the reports generated by the New York State Police, including witness statements[,] have already been provided to defendant. In addition, petitioner has also obtained the file maintained by the Orange County District Attorney's Office which also includes information related to witnesses, including their statements.
>
> The use of the Grand Jury minutes as another method of either cross-examining witnesses or refreshing witness memory is not a sufficient reason to order the unsealing and release of the minutes. It is certainly not a basis to find that a compelling or particularized need is present. The testimony, if released, would merely augment the material already obtained. Although possession of the Grand Jury minutes may be another tool for cross-examination, such a purpose does not indicate a compelling or particularized need sufficient to dispose of the secrecy that attaches to the proceedings before the Grand Jury. Moreover, the need asserted by petitioner is non-specific and the request is a generalized request to aggregate more information that might be used in the context of the Federal action. . . . Moreover, the chilling effect upon the Grand Jury's ability to investigate matters based upon complete and accurate testimony cannot be overstated if it becomes commonplace for a witness[']s testimony to be divulged without a compelling or particularized reason. Here, petitioner has not addressed the negative effect his requested order may have and likely cannot favorably do

> so.
>
> [Petitioner] has failed to adequately present facts or circumstances indicat[ing] that petitioner has a compelling or particularized need for the minutes.

Id. at 2-3.

Baynes has now moved this Court to unseal the transcripts of testimony by Ruderfer and any other witnesses to the incident.[1]  Ruderfer and the Orange County District Attorney's Office have opposed this motion.  For the following reasons, the motion is denied.

## II.  DISCUSSION

Under New York Criminal Procedure Law § 190.25(4), grand jury testimony is secret and may not be disclosed except by court order.  Nonetheless, that law and the Orange County Court's denial of Baynes's application does not bind this Court.  See, e.g., Vazquez v. City of New York, 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013) ("Although the state court denied Plaintiff's request for the grand jury minutes, there is no dispute that this Court has independent authority to unseal the minutes as a matter of federal law.") (citing Frederick v. New York City, 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012)); Palmer, 2004 WL 2429806, at *2 (once the process of requesting grand jury minutes in state court has been completed with "the grand jury transcripts not having been obtained as a result thereof, the burden falls on [the federal court] to make an independent determination of whether the grand jury transcripts should be

---

[1] See Notice of Motion, filed Oct. 27, 2016 (Docket # 38); Memorandum of Law in Support of Plaintiff's Motion to Unseal Grand Jury Transcripts, filed Oct. 27, 2016 (Docket # 39) ("Pl. Mem."); Leventhal Decl.; Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Unseal Grand Jury Transcripts, filed Nov. 22, 2016 (Docket # 42) ("Def. Mem."); Orange County District Attorney's Office Memorandum of Law in Opposition to Plaintiff's Motion to Unseal Grand Jury Transcripts, filed Dec. 7, 2016 (Docket # 47) ("DA Mem."); Reply Memorandum of Law in Further Support of Plaintiff's Motion to Unseal Grand Jury Transcripts, filed Dec. 16, 2016 (Docket # 48) ("Pl. Reply").

released.") (citation omitted).  While it is appropriate for federal courts to recognize state privileges where this can be accomplished "at no substantial cost to substantive and procedural policy," Anilao v. Spota, 918 F. Supp. 2d 157, 171 (E.D.N.Y. 2013) (internal quotation marks omitted) (quoting Frederick, 2012 WL 4947806, at *11), "state courts [do not have] a veto over disclosure in [a] federal civil rights case," Socialist Workers Party v. Grubisic, 619 F.2d 641, 644 (7th Cir. 1980).  Additionally, unlike a state court supervising a grand jury, "courts where related civil cases are pending and in which grand jury testimony is sought to be discovered are 'armed with . . . special knowledge of the status of the civil actions.'"  Scheiner v. Wallace, 1995 WL 753931, at *5 (S.D.N.Y. Dec. 19, 1995) (omission in original) (quoting Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 230 (1979)).

Under federal law, parties seeking the unsealing of grand jury minutes "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."  Douglas Oil Co., 441 U.S. at 222 (citing United States v. Procter & Gamble Co., 356 U.S. 677, 682-83 (1958), and Dennis v. United States, 384 U.S. 855, 872 (1966)); accord Anilao, 918 F. Supp. 2d at 173.  Courts have distilled this three-factor test into a requirement that the person seeking disclosure of grand jury minutes show a "particularized need" for those minutes.  See, e.g., Fox v. County of Yates, 657 F. App'x 60, 63 (2d Cir. 2016) (summary order); Mateo v. City of New York, 2016 WL 3545944, at *1 (S.D.N.Y. June 17, 2016); Vazquez, 2013 WL 2449181, at *1; Frederick, 2012 WL 4947806, at *7; Alvarado v. City of New York, 2006 WL 2252511, at *2 (E.D.N.Y. Aug. 5, 2006).  Courts have also recognized that "[t]he showing required is substantial."  Alvarado, 2006 WL 2252511, at *2.

We discuss each of the three factors next.

A.  Possible Injustice

The "possible injustice" Baynes seeks to avoid by making use of these minutes is the possibility that he will be unable to make "a complete examination of the defendant and witnesses."  See Pl. Mem. at 4.  As both Ruderfer and the Orange County District Attorney point out, however, Baynes already has witness statements and other internal reports from the New York State Police concerning the shooting.  Def. Mem. at 5; DA Mem. at 5.  In addition, Baynes has not yet taken any depositions and has not presented any evidence that the grand jury minutes would provide any additional information beyond what normal discovery has already unearthed or could unearth.  See Def. Mem. at 5.

Baynes argues that he wishes to "use the material to test the defendant's and the witnesses' credibility and, if necessary, refresh their recollections or impeach them."  Pl. Mem. at 4.  However, it is not enough to assert that grand jury testimony might theoretically be used to impeach a witness or refresh the witness's recollection.  Rather, "the requesting party must demonstrate some specific respect in which the grand jury testimony likely contradicts trial evidence or supplies material information that is otherwise lacking."  Rechtschaffer v. City of New York, 2009 WL 773351, at *4 (S.D.N.Y. Mar. 18, 2009).  Here, Baynes does not provide a reason why it should be assumed that the grand jury testimony of any particular witness will be inconsistent with the witness's testimony at trial; nor does he show that any witness's recollection will need to be refreshed.  This case is thus distinguishable from Palmer v Estate of Stuart, in which public testimony by the defendant officer at a preliminary hearing resulted in a finding of probable cause while the officer's testimony before a grand jury resulted in a no true bill, leading to the conclusion that the two sets of testimonies were inconsistent.  See 2004 WL

2429806, at *4. On the current record, there is simply no basis to make such a conclusion.[2]

      B. <u>Baynes' Interest in Disclosure vs. Public's Interest in Secrecy</u>

"Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye." <u>Douglas Oil Co.</u>, 441 U.S. at 218 n.9 (citation omitted). "This time-honored policy of secrecy has been the most essential, indeed indispensable, characteristic of grand jury proceedings." <u>In re Grand Jury Investigation of Cuisinarts, Inc.</u>, 665 F.2d 24, 28 (2d Cir. 1981). "The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow." <u>Procter & Gamble Co.</u>, 356 U.S. at 682; <u>accord</u> <u>Rehberg v. Paulk</u>, 566 U.S. 356, 374 (2012) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings.") (citations and internal quotation marks omitted). There are a number of interests that underlie the rules regarding grand jury secrecy, including the need "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." <u>Douglas Oil Co.</u>, 441 U.S. at 219 n.10 (citations omitted). This consideration weighs heavily in favor of keeping the requested testimony secret.

Citing <u>Palmer</u>, Baynes argues that Ruderfer's testimony should be released because "testifying before grand juries is part of [the] regular job activities [of police officers] as public servants." Pl. Mem. at 6. Such testimony, however, normally relates to circumstances where the police officer's own actions are not the subject of the grand jury investigation. <u>See, e.g.</u>, <u>Palmer</u>,

---

[2] <u>Marshall v. Randall</u>, 719 F.3d 113 (2d Cir. 2013), cited by Baynes, Pl, Mem. at 4 n.1, does not change this analysis. <u>Marshall</u> merely addressed whether grand jury testimony was admissible for impeachment purposes, not the showing that must be made to require its release. 719 F.3d at 115-16.

2004 WL 2429806, at *5.  Thus, while the public disclosure of a police officer's testimony to a grand jury might not discourage future testimony in the normal situation, here Ruderfer offered evidence before the grand jury concerning his own innocence or guilt.  If the interest in grand jury secrecy were to be minimized in this situation, a future police officer target of a grand jury investigation would be discouraged from offering a full and candid account of his or her actions.

    C.  Scope of Request

Finally, Baynes' request is broad, requesting the testimony of Ruderfer and all non-party witnesses.  Pl. Mem. at 1.  As already discussed, Baynes has not given particularized reasons why this testimony is necessary for him to prosecute his case.

\*       \*       \*

In sum, none of the factors suggest that disclosure should be ordered here.  The cases cited by Baynes in which a civil court ordered grand jury minutes produced, see Pl. Mem. at 4 n.1, 6; Pl. Reply at 2-4, do not suggest a different result.  As discussed above, Palmer v. Estate of Stuart did not involve the testimony of a police officer as a defendant, while this case does.  Palmer, 2004 WL 2429806, at *5.  Defendants City of New York voluntarily disclosed police officer testimony in Soto v. City of New York, No. 12 Civ. 06911 (RA) (GWG), a concession that neither the State of New York nor Orange County have made in this case.  Finally, both Vazquez v. City of New York and Gonzalez v. County of Suffolk were cases where conduct before the grand jury was directly at issue in the plaintiff's lawsuit.  Vazquez, 2013 WL 2449181, at *1-2 (malicious prosecution case where plaintiff adequately alleged unconstitutional grand jury witness tampering and the relevant information was not otherwise obtainable because one witness could not recall her testimony and the other was deceased); Gonzalez, 2014 WL 1669134, at *8 (E.D.N.Y. Apr. 23, 2014) (case involved "allegations that the grand jury

presentation may have been deficient in some manner or served as part of the cover-up of the underlying unconstitutional policies"). Here, by contrast, the grand jury presentation is not itself the subject of any claim by Baynes.

III. CONCLUSION

For the foregoing reasons, Baynes' motion to unseal the grand jury transcripts of the testimony of Ruderfer and other witnesses (Docket # 38) is denied.

SO ORDERED.

Dated: February 14, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge